NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE CORBETT,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT DEFAZIO and LIEUTENANT SAYDAM,<br><br>    Defendants. | No. 23cv2490 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Terrence Corbett, a pre-trial detainee in Hudson County Jail ("HCJ"), New Jersey, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Vincent DeFazio and Lieutenant Saydam. D.E. 1 ("Compl." or "Complaint"). Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 3, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim. Plaintiff will be granted leave to amend.

**I.    BACKGROUND[1]**

Plaintiff states he was housed in B-1-E on April 16, 2023, when non-party Officer Neves issued Plaintiff a disciplinary report for threats. Compl. at 5. Sergeant DeFazio and two

---

[1] This section derives from the well-pleaded factual allegations in the Complaint.

unidentified officers handcuffed Plaintiff and escorted him to the visiting area. *Id.* at 5-6. Sergeant DeFazio asked Plaintiff what happened with Officer Neves, telling Plaintiff "you know you can't do that" when Plaintiff explained.[2] *Id.* at 6. Sergeant DeFazio told Plaintiff that he would be placed into lockup while Sergeant DeFazio investigated. *Id.* Sergeant DeFazio instructed the other officers to take Plaintiff to medical ("Medical") for clearing. *Id.*

The unidentified officers took Plaintiff to Medical, which cleared Plaintiff for placement into lockup. *Id.* Plaintiff asked whether he would also be screened for his mental health, but the officers responded that Medical oversaw evaluating Plaintiff's physical and mental health. *Id.* Plaintiff told them that Medical had not conducted a mental health screening. *Id.* The officers asked if Plaintiff wanted to go back to Medical, but Plaintiff said no because "that's not my job to tell them how to do [their] job." *Id.*

Plaintiff alleges Lieutenant Saydam authorized Sergeant DeFazio to put Plaintiff into lockup. *Id.* He asserts Lieutenant Saydam did not "look over none [sic] of the paperwork he just sign[ed] off on it." *Id.*

Plaintiff filed this Complaint seeking $150,000 in damages for violations of his Due Process rights. *Id.* He asks the Court to obtain the body camera footage of the incident. *Id.*

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

---

[2] Plaintiff does not provide any facts about his April 16, 2023, interactions with Officer Neves.

To survive a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F. 4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III. ANALYSIS

#### A. Plaintiff Has Not Stated a Due Process Claim Against Sergeant DeFazio

Plaintiff alleges Sergeant DeFazio violated his Due Process rights when he placed Plaintiff into disciplinary lockup without conducting a mental health screening. Compl. at 4.

"Generally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)); *see also Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). Pretrial detainees have "the right to receive written notice of the charges at least 24 hours before the

hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Kanu*, 739 F. App'x at 116 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)).  Detainees may be placed in prehearing disciplinary lockup so long as they are "afforded a hearing within a reasonable time after placement . . . ." *Layton v. Beyer*, 953 F.2d 839, 850 (3d Cir. 1992).

  Plaintiff does not allege an absence of *Wolff* process, only that he was not screened for mental health considerations prior to disciplinary lockup.  Compl. at 4.  Even after giving Plaintiff the benefit of all reasonable inferences, the Court cannot reasonably infer liability.  First, Lieutenant Saydam and Sergeant DeFazio are not medical professionals in charge of overseeing Plaintiff's health care.  *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)  ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the . . . scienter requirement of deliberate indifference.").  Sergeant DeFazio instructed Plaintiff to be taken to Medical for clearing; there is no indication that Sergeant DeFazio was aware Plaintiff was not asked about his mental health.  Compl. at 6.  Second, the officers escorting Plaintiff asked him if he wanted to return to Medical for a mental health evaluation.  *Id.*  Plaintiff declined to do so.  *Id.* Plaintiff's decision breaks whatever tenuous connection existed between Sergeant DeFazio's actions and the failure to conduct a mental health screening.

  The Court will dismiss this claim without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4

### B. Plaintiff Has Not Stated a Due Process Claim Against Lieutenant Saydam

Plaintiff also has not stated a Due Process Claim against Lieutenant Saydam. Plaintiff alleges Lieutenant Saydam was the officer in charge and authorized Sergeant DeFazio to put Plaintiff into lockup. Compl. at 6.

"A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

Here, Plaintiff alleges Lieutenant Saydam authorized his lockup placement without properly reviewing the paperwork. Compl. at 6. According to the Complaint, Plaintiff was taken to Medical after Lieutenant Saydam authorized Plaintiff's placement into lockup. *Id.* This is not enough to allege Lieutenant Saydam had actual knowledge of or acquiesced in any failure to screen Plaintiff's mental health. The Court will dismiss this claim without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. The Court Will Grant Plaintiff Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, the Court will grant Plaintiff 45 days to submit a proposed Amended Complaint. The proposed Amended Complaint will be subject to the Court's

§ 1915 review prior to service. Failure to submit a proposed Amended Complaint within 45 days of the accompanying Order may result in dismissal with prejudice.

Plaintiff should note that the Amended Complaint will supersede the Complaint. When the Amended Complaint is filed, the Complaint becomes inoperative and cannot be utilized to cure the Amended Complaint's defects unless the relevant portion is specifically incorporated. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The Amended Complaint may adopt some or all of the allegations, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an Amended Complaint that is complete in and of itself. *Id.*

## IV.   CONCLUSION

For the reasons stated above, the Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim. An appropriate Order accompanies this Opinion. Plaintiff may submit a proposed Amended Complaint within 45 days of the Entry of this Opinion and Order.

 1/25/2024  
Date

*Evelyn Padin*  
Evelyn Padin, U.S.D.J.

6