NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE CORBETT,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT DEFAZIO, et al.,<br><br>    Defendants. | No. 23cv2490 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

The Court previously dismissed Plaintiff Terrence Corbett's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983 for failure to state a claim. D.E. 5. He has now submitted a proposed Amended Complaint against Defendants Sergeant Vincent DeFazio, Lieutenant Saydam, ARNP Helena, Detective Neves, and Hudson County Jail ("HCJ") Director B. Scott. D.E. 6 ("Am. Compl."). Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 3, the Court must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **DISMISS** the Amended Complaint *without prejudice*, with the exception of the Due Process claim which shall be **DISMISSED** *with prejudice*. The Court declines supplemental jurisdiction over the state law claims. Plaintiff will be granted one final opportunity to amend.

I.     BACKGROUND[1]

Plaintiff, a pretrial detainee, was located in housing unit B-1-East on April 16, 2023.  Am. Compl. at 6.  Officer Neves entered the unit to speak with another officer.  *Id.*  He looked at Plaintiff, made a "hand gesture," and said Plaintiff's "goatee look[s] good on [him]."  *Id.*  Plaintiff responded by asking if Officer Neves was "gay or something," and stated "it's not your job to worry about my goatee or talk to me as if we are friend[s] or something stop harassing me before I knock you the fuck out."  *Id.* at 6-7.  Officer Neves responded that he did not care and that Plaintiff was "not going to do shit.  This is the last time you fucken threat [sic] me."  *Id.* at 7.  Plaintiff said, "what you think I am playing" and started walking towards Officer Neves.  *Id.*  Officer Neves then left the unit.  *Id.*

About 20 minutes later, Sergeant DeFazio and two unidentified officers handcuffed Plaintiff and escorted him to the visiting area.  *Id.*  Sergeant DeFazio asked Plaintiff if he had threatened Officer Neves.  *Id.*  Plaintiff admitted that he did because Officer Neves kept harassing him.  *Id.*  Sergeant DeFazio told Plaintiff "you know you can't say that" after Plaintiff described the encounter to him.  *Id.*  Plaintiff claimed Officer Neves was retaliating against him for filing a civil lawsuit against him.  *Id.* at 8.  Sergeant DeFazio told Plaintiff that he would be placed into lockup while Sergeant DeFazio investigated.  *Id.*  Sergeant DeFazio instructed the other officers to take Plaintiff to medical for clearing.  *Id.*

The unidentified officers took Plaintiff to medical, where ARNP Helena cleared Plaintiff for placement into lockup.  *Id.*  Plaintiff asked whether he would be screened for mental health too, but the officers responded that he had just been cleared "for both."  *Id.*  Plaintiff told them that

---

[1] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the motions to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

medical had not conducted a mental health screening. *Id.* The officers asked if Plaintiff wanted to go back to medical, but Plaintiff said no because "that's not my call to make it's not my job to tell you how to do your job or her." *Id.*

The next day, Plaintiff asked to see mental health. *Id.* Someone[2] came to see Plaintiff, and Plaintiff asked if he had been cleared by mental health and if ARNP Helena was able to make that determination. *Id.* The person responded that ARNP Helena was able to "only if there [are] no mental health staff in the building at the time." *Id.* Plaintiff stated that there had been mental health staff in the building at the time, but ARNP Helena had cleared him anyway. *Id.* The person responded that ARNP Helena had cleared Plaintiff, and Plaintiff asked how ARNP Helena could "forge" the documents. *Id.* at 9.

Plaintiff wrote to Lieutenant Saydam and Director Scott asking them to investigate. *Id.* He states Director Scott knew that he and Officer Neves did not get along due in part to an incident where Officer Neves called Plaintiff a "rat" in front of the entire unit.[3] *Id.* Plaintiff seeks $150,000 in damages. *Id.* He asks the Court to obtain the body camera footage of the incident. *Id.*

## II.     LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil Complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

---

[2] Plaintiff does not identify the person who visited him while he was in lock-up. Am. Compl. at 8.
[3] This incident forms the basis of a complaint that is presently proceeding before this Court in a separate action. *See Corbett v. Neves*, No. 23cv1359.

To survive a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F. 4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III.   ANALYSIS

### A.   Plaintiff Fails to State a Due Process Claim

Plaintiff alleges his Due Process rights were violated when he was placed into disciplinary lockup without conducting a mental health screening. Am. Compl. at 8.

"Generally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)); *see also Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). Pretrial detainees have "the right to receive written notice of the charges at least 24 hours before the

hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Kanu*, 739 F. App'x at 116 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)). Detainees may be placed in prehearing disciplinary lockup so long as they are "afforded a hearing within a reasonable time after placement . . . ." *Layton v. Beyer*, 953 F.2d 839, 850 (3d Cir. 1992).

Plaintiff does not allege that he did not receive the protections set forth in *Wolff*; his only allegation is that he was not screened for mental health considerations prior to being put into disciplinary lockup. Am. Compl. at 8. The failure to screen for mental health considerations is not one of the Due Process protections afforded to pretrial detainees, so the Court will **DISMISS** *with prejudice* the Due Process claim for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   **Plaintiff Fails to State a Denial of Medical Care Claim**

Plaintiff alleges Lieutenant Saydam and ARNP Helena denied him medical care by not screening him for mental health considerations and forging medical documents. Am. Compl. at 4-5.

"A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* There are no facts in the Amended Complaint from which the Court could plausibly infer Lieutenant Saydam had actual knowledge of or acquiesced in any failure to screen Plaintiff's mental health. The Court will **DISMISS** *without prejudice* this claim for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

5

Plaintiff also has not stated a claim against ARNP Helena for denying him mental health treatment.  Claims by pretrial detainees for failure to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]"  *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  "In order to sustain this claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'"  *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (footnote omitted) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).  The Third Circuit has found deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (internal citations omitted).

Plaintiff has not provided facts that indicate he had a serious medical need for mental health screening.  The Court will **DISMISS *without prejudice*** this claim for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

C.     **Plaintiff Fails to State a Failure-to-Protect Claim**

Plaintiff alleges Sergeant DeFazio, Lieutenant Saydam, and Director Scott failed to protect him.  Am. Compl. at 3-5.  He has not alleged any facts that would allow this claim to proceed.

Failure-to-protect claims generally involve a prison official's failure "to take reasonable measures to protect prisoners from violence at the hands of other prisoners."  *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (cleaned up); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  "[T]wo requirements must be met.  First, the prisoner must demonstrate 'that he is

6

incarcerated under conditions posing a substantial risk of serious harm.' . . . Second, the prison officials involved must have a sufficiently culpable state of mind." *Hamilton*, 117 F.3d at 746 (quoting *Farmer*, 511 U.S. at 834). The Amended Complaint does not allege facts that would satisfy either element. Plaintiff does not allege that he was assaulted by another inmate, or that he is otherwise incarcerated under conditions posing a substantial risk of serious harm. He also has not provided facts that would allow this Court to reasonably infer that Sergeant DeFazio, Lieutenant Saydam, and Director Scott were deliberately indifferent to such a risk. The Court will **DISMISS** this claim *without prejudice*. 28 U.S.C. § 1915(e)(2)(B)(ii).

D.    **Plaintiff Fails to State a Retaliation Claim**

Plaintiff further alleges that Officer Neves retaliated against him for filing a lawsuit against him. Am. Compl. at 5. "To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) 'he suffered some "adverse action" at the hands of prison officials,' and (3) 'his constitutionally protected conduct was "a substantial or motivating factor" in the decision' to take that action." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).

The filing of a lawsuit is constitutionally protected conduct. *See Cash v. Wetzel*, 8 F. Supp. 3d 644, 659, 2014 WL 1244048 (E.D. Pa. 2014) (citing *Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011)). However, Plaintiff has not satisfactorily alleged that Officer Neves took an adverse action against him. The only allegation in the Amended Complaint is that Officer Neves looked at Plaintiff, made a "hand gesture," and said Plaintiff's "goatee look[s] good on [him]." Am. Compl. at 6. Plaintiff responded by making a homophobic comment and threatening Officer Neves. *Id.* These facts do not state a retaliation claim. The Court will **DISMISS** this claim *without prejudice*. 28 U.S.C. § 1915(e)(2)(B)(ii).

7

E. **The Court Declines Supplemental Jurisdiction**

The Amended Complaint also contains negligence claims against Sergeant DeFazio and Lieutenant Saydam. Am Compl. at 4-5. As the federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction over the state law negligence claims. 28 U.S.C. § 1367(c)(3).

F. **The Court Will Grant Plaintiff a Final Opportunity to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, the Court will grant Plaintiff 45 days to submit a proposed Second Amended Complaint ("SAC"). The proposed SAC will be subject to this Court's § 1915 review prior to service. This will be Plaintiff's final opportunity to submit a proposed complaint that can pass the Court's § 1915 review. Failure to submit a proposed SAC within 45 days of the accompanying Order may result in dismissal with prejudice.

Plaintiff should note that the SAC will supersede the Amended Complaint. When the SAC is filed, the Amended Complaint is inoperative and cannot be utilized to cure the SAC's defects unless the relevant portion is specifically incorporated. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The SAC may adopt some or all the allegations, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an SAC that is complete in and of itself. *Id.* Plaintiff may not include claims that the Court has dismissed with prejudice.

IV. **CONCLUSION**

For the reasons above, the Court will **DISMISS** the Amended Complaint ***without prejudice***, with the exception of the Due Process claim which shall be **DISMISSED *with***

*prejudice*.  The Court declines supplemental jurisdiction over the state law claims.  Plaintiff is granted one final opportunity to amend and may submit a proposed Second Amended Complaint within 45 days.  An appropriate Order accompanies this Opinion.


 6/12/2024                                                                              *Evelyn Padin*                  
Date                                                                                              Evelyn Padin, U.S.D.J.

9